NOT FOR PUBLICATION                                                                                          (Doc. No. 14)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Salahuddin F. SMART, | : | |
| Plaintiff, | : | Civil No. 16-1026 (RBK/JS) |
| v. | : | **Opinion** |
| Tasha ALI, et al., | : | |
| Defendant(s). | : | |

**KUGLER**, United States District Judge:

Plaintiff Salahuddin F. Smart ("Plaintiff") brings this action against Defendants Tasha Ali ("Ali"), Deian Baker ("Baker"), the State of New Jersey ("the State"), and Jane Doe (collectively, "Defendants"). Plaintiff asserts claims under 42 U.S.C. § 1983, the First and Fourteenth Amendments of the United States Constitution, and the tort of legal malpractice. Defendants Ali and Baker ("DCPP Defendants") move to dismiss the Complaint (Doc. No. 14). For the reasons expressed below, DCPP Defendants' Motion to Dismiss is **GRANTED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is the father of Persia S. Fassihi ("P.S.F.") and a member of the same household as P.S.F.'s half sister, Leliah S. Fassihi ("L.S.F."). Compl. 1. On March 11, 2015, the Division of Child Protection and Permanency ("DCPP") received a referral from Baker, a caseworker at DCPP, regarding potential child abuse and neglect of P.S.F. and L.S.F. by Plaintiff. *Id.* Baker initiated an investigation, and proceeded to visit Plaintiff's residence and request information regarding L.S.F. from her school. *Id.* 1–2. On March 19, 2015, Baker returned to Plaintiff's

1

home to investigate an additional basis for child abuse, this time accompanied by police officers who allegedly attempted to intimidate Plaintiff into permitting P.S.F. and L.S.F. to be interrogated. *Id.* At some point, DCPP also purportedly sought the separation of P.S.F. *Id.* On April 8, 2015, DCPP sought a court order to conduct drug tests on Plaintiff. *Id.* 8.

Plaintiff brought a Complaint against Baker, DCPP supervisor Ali, the State of New Jersey, and Jane Doe on February 23, 2016 (Doc. No. 1). The Complaint asserts claims under 42 U.S.C. § 1983 against DCPP Defendants, the First and Fourteenth Amendments of the United States Constitution against the State of New Jersey, and legal malpractice against Jane Doe. *Id.* 1–10. On August 15, 2016, DCPP Defendants filed the present Motion to Dismiss regarding Counts 1, 2, 5, and 6 (Doc. No. 14).

## II.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of

his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A. DCPP Defendants' Motion to Dismiss

#### 1. *Sovereign Immunity*

DCPP Defendants argue that Plaintiff's claims against them must be dismissed under the Eleventh Amendment. Every state is a "sovereign entity in [the] federal system." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Because of their sovereignty, states are immune from suit. *Alden v. Maine*, 527 U.S. 706, 713 (1999). These principles are embodied in, but not limited by, the Eleventh Amendment of the United States Constitution. *Id.* at 712–13. State sovereign

3

immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction," *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996), and an affirmative defense, *Carter v. City of Phila.*, 181 F.3d 339, 347 (3d Cir. 1999). The court must therefore grant a state's motion to dismiss if the state enjoys immunity from the plaintiff's claims. This immunity extends to state agents or officials when the "action is in essence one for the recovery of money from the state." *Regents of the Univ. of Cal.*, 519 U.S. 425, 431 (1997). The Eleventh Amendment thus bars federal court suits for money damages against state officers in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985). Suits against state officers in their personal capacities, however, seek recovery from the officers' personal assets and are not barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 27–29 (1991).

Plaintiff is suing Baker and Ali in their personal capacities and demands money damages. The action thus appears to impose personal liability on Baker and Ali and is not prohibited by the Eleventh Amendment. DCPP Defendants, however, nonetheless urge the Court to construe the Complaint as one brought against Baker and Ali in their official capacities. They argue that the allegations at issue concern "the actions Defendants took . . . in Defendants' official capacities as DCPP employees" and "fail to set forth any facts about what wrongful acts Defendants undertook in their individual capacities." Def.'s Br. 10. The Supreme Court has rejected this precise argument, holding that government officials "may be liable . . . precisely because of her [official] authority." *Hafer*, 502 U.S. at 27–28. DCPP Defendants are correct that the Third Circuit has declined to interpret a suit as one directed against officers' personal capacities in some instances — where the plaintiff requested injunctive relief, failed to specify either capacity, or sued in both capacities. *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 314 n.2 (3d Cir. 2002); *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir. 1990), *aff'd*, 502

4

U.S. 21 (1991); *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 240 (3d Cir. 2010). None of those situations are applicable here. Plaintiff is clearly requesting money damages and requesting it from Baker and Ali's individual capacities. As such, the Court finds that sovereign immunity does not bar the case and is not a basis for dismissal.[1]

        2. *Qualified Immunity*

Government officials may nonetheless be protected from civil liability for claims under § 1983 based on qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (citations omitted). Government officials are entitled to qualified immunity unless (1) the plaintiff has shown facts that make out a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232. Courts are permitted to address either prong of the analysis first in light of the circumstances at hand. *See id.* at 236. The defendant bears the burden to prove qualified immunity. *See Thomas v. Independence Twp.*, 463 F.3d 285, 293 (3d Cir. 2006).

Counts 1, 2, 5, and 6 allege a violation of Plaintiff's right to direct the care, custody, and control of P.S.F. and L.S.F and a violation of P.S.F.'s right to familial association. The Court will first address whether such rights were clearly established when Baker undertook the investigation of Plaintiff. The Third Circuit has recognized a constitutional right to the custody, care, and management of children in *Croft v. Westmoreland Cty. Children & Youth Servs.* 103 F.3d 1123, 1125 (3d Cir. 1997). The right, however, "is limited by the compelling governmental

---

[1] For the same reasons, the Court rejects DCPP Defendants' argument that they are not "persons" under § 1983. State officials in their individual capacities are considered "persons" eligible for suit under § 1983. *Hafer*, 502 U.S. at 27.

interest in the protection of children," and the court must balance the liberty interests of the family unit against the state's interest in preventing child abuse. *Id.* "The right to family integrity clearly does not include a constitutional right to be free from child abuse investigations." *Id.*

The pleadings complain that Baker and Ali violated the right to familial integrity because Baker initiated the abuse and neglect investigation of Plaintiff, visited Plaintiff's residence, requested information relating to L.S.F. from her school, and sought separation of P.S.F. from Plaintiff. Such acts are all part of a child abuse investigation of Plaintiff and thus do not constitute violations of his right to familial integrity. The Complaint contains no additional allegations amounting to an interference in the parent-child relationship. Plaintiff, for example, does not allege he faced the ultimatum of voluntarily separating himself from his child or else having the child forcibly removed from his care, as in *Croft*. 103 F.3d at 1125. Absent any actual interference with Plaintiff's care of the children, there is no violation of a clearly established constitutional right. Thus, the Court rejects the § 1983 claims on the basis of qualified immunity and dismisses Counts 1, 2, 5, and 6 with prejudice.[2]

### B. State of New Jersey

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court now proceeds to screen Plaintiff's claims against the State of New Jersey.

---

[2] DCPP Defendants alternatively argue that Counts 5 and 6 should be dismissed because Plaintiff lacks standing to bring the § 1983 claims on behalf of P.S.F. Because the Court finds that qualified immunity bars the Counts, the Court does not reach the standing issue.

Plaintiff alleges that two provisions of New Jersey law, N.J. Stat. Ann. §§ 9:6-8.23(a) and 2A:6-8.21(d), violate the First and Fourteenth Amendments of the United State Constitution. State statutes are "entitled to the presumption of constitutionality." *Davies Warehouse Co. v. Bowles*, 321 U.S. 144, 153 (1944). A plaintiff who seeks to challenge the constitutionality of a state statute may do so as a facial or as-applied attack. A facial attack "tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case." *See United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). An as-applied attack "does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* A facial challenge to a statute is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Here, Plaintiff appears to be bringing a facial constitutional challenge.

The first provision at issue, N.J. Stat. Ann. § 9:6-8.23(a), mandates that any minor subject to a child abuse or neglect proceeding be represented by a law guardian. The other provision, N.J. Stat. Ann. § 2A:6-8.21(d), does not exist, and it is unclear to the Court what provision Plaintiff intended to cite. Regardless, both challenges fail as a matter of law. Plaintiff asserts that New Jersey law unconstitutionally denies a parent the right to retain an attorney of choice for the child, by infringing "parental direction protections" under the First Amendment and the Fourteenth Amendment Equal Protection Clause. The First Amendment does not recognize a First Amendment right for the parent to control the court representative of a child. *See* U.S. Const. amend. I. As for the challenge under the Fourteenth Amendment, the Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection

of the laws." U.S. Const. amend. XIV. This is not a command that all persons be treated alike, but rather a direction that all persons similarly situated be treated alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) she is a member of a protected class; and (b) she was treated differently from similarly situated individuals. *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992). The Supreme Court has never recognized parental status as a protected class. *See, e.g.*, *City of Cleburne, Tex.*, 473 U.S. at 440–43; *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 366 (2001). Furthermore, Plaintiff fails to assert how he was treated differently than similarly situated individuals. The allegations in Count 3 thus cannot form the basis for a plausible constitutional challenge to New Jersey law, and the Court dismisses Count 3 with prejudice.[3]

### C. Jane Doe

The only remaining count is a legal malpractice claim against Jane Doe of the Camden County Office of the Public Defender that arises from her representation of J.S.F. and L.S.F. The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Plaintiff's claims under federal law have been dismissed, and the Court does not observe an affirmative

---

[3] The Court notes that a litigant challenging the constitutionality of a state statute must file and serve a notice on the state attorney general. Fed. R. Civ. P. 5.1(a). This requirement is satisfied where the state is a party, *id.*, as is the case here. The Court further notes that the State of New Jersey was never served with the Complaint pursuant to Federal Rule of Civil Procedure 4(c); this deficiency, however, warrants no further discussion given that the Court is dismissing the Complaint.

justification for this Court to retain supplemental jurisdiction over the state law claim at this time. Plaintiff can rebring the legal malpractice claim in the case that he successfully amends the Complaint to assert a claim against the State of New Jersey that is plausible and over which this Court has jurisdiction. At this juncture, however, the Court declines to exercise supplemental jurisdiction over Count 4 pursuant to 28 U.S.C. § 1367(c)(3) and dismisses the Count against Jane Doe.

## IV.     CONCLUSION

DCPP Defendants' Motion to Dismiss is **GRANTED** and Counts 1, 2, 5, and 6 are **DISMISSED WITH PREJUDICE**. Count 3 against the State of New Jersey is **DISMISSED WITH PREJUDICE**. Count 4 against Jane Doe is **DISMISSED WITH PREJUDICE**.

Dated:   2/2/2017                                              s/ Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United State District Judge